DOMINCO DI IORIO *et ux. vs.* NICOLO DI BRASIO.

PROVIDENCE—MARCH 1, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)    *Contract.   Forbearance to Sue.*

Forbearance to sue is a good consideration for the promise of a third party to pay the claim of another, if made in respect to a claim which the

creditor honestly believes to be just, even though, if such claim had been originally prosecuted, it would have been defeated.

(2) *Evidence.*

In the absence of testimony that the claim was not made in good faith, evidence to show that there was no existing indebtedness at time of promise is inadmissible.

ASSUMPSIT ON BOOK ACCOUNT.   Heard on defendant's petition for a new trial, on grounds stated in the opinion.  New trial denied.

MATTESON, C. J.   This is an action of assumpsit.   The declaration avers that one Lungo, being indebted to the plaintiff in the sum of $40, the defendant, in consideration thereof, and in further consideration of the request by the defendant to forbear and give time to said Lungo for the payment of said $40 until August 24, 1897, undertook and promised the plaintiff to pay him said sum of $40 on August 24, 1897, if said Lungo should then fail to make said payment according to the terms of a certain contract in writing in the Italian language, a translation of which is annexed to the writ.   The declaration goes on to aver the forbearance of the plaintiff to sue Lungo, in consequence of the agreement to forbear, and then to aver the failure of Lungo to make payment on the date specified, whereby the defendant became liable to pay the plaintiff the $40, &c.

The defendant pleaded, among other pleas, that Lungo was not indebted to the plaintiff as alleged.   To this plea the plaintiff demurred.   One of the grounds of demurrer was that it was immaterial whether Lungo was ever indebted to the plaintiff, since the plaintiff forbore to press his *bona fide* claim against him, and the defendant, in consideration of such forbearance, promised to pay the claim at the end of one year, if Lungo did not.

The District Court of the Sixth Judicial District, in which the suit was brought, sustained the demurrer.   The case was then tried, and the court gave its decision for the plaintiff for $40.

The defendant excepted to the ruling of the District Court

sustaining the demurrer, and also to its ruling excluding the testimony which he offered to show that Lungo was never indebted to the plaintiff in any sum whatever.

The case was before us on these exceptions, and we filed a rescript overruling the exceptions, and remitting the case to the District Court with direction to enter judgment on its decision. Thereupon the defendant asked for and obtained a re-argument.

(1) We think the plea demurred to was insufficient. The words of the plea that Lungo was not indebted to the plaintiff were equivalent to saying merely that the plaintiff had no valid claim against Lungo, but it was not enough to constitute a defence to the suit that the plaintiff should not have had a *valid* claim. All that is required to sustain the action is that the forbearance should have been in respect to a claim which the plaintiff honestly believed to be just, even though, if such claim had been originally prosecuted, it would have been defeated. *Callisher* v. *Bischoffsheim*, L. R. 5 Q. B. 449 ; *Ockford* v. *Barrelli*, 25 L. T. R. 504 ; *Miles* v. *New Zealand Alford Estate Co.*, L. R. 32 Ch. Div. 267 ; *Cook* v. *Wright*, 1 Best & Sm. 559 ; 6th Am. & Eng. Enc. of Law, 2 ed. 742.

(2) Our opinion is, therefore, that the demurrer was properly sustained and the plea overruled. For the same reason the court committed no error in excluding the testimony that Lungo was not indebted to the plaintiff. The agreement before the notary, and reduced to writing by him, unequivocally admitted the indebtedness, and, so far as appears, there was no testimony showing or tending to show, nor any testimony offered, that the plaintiff's claim was not made in good faith.

We see no reason for changing our former conclusion.

*Amasa M. Eaton*, for plaintiff.
*Jacob W. Mathewson*, for defendant.